UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD EVERETT SMITH, JR.
and CARO MCCOY SMITH

VERSUS

BANK OF AMERICA

CIVIL ACTION

NO. 11-371-BAJ-DLD

## RULING

On June 6, 2011, Plaintiffs filed a Motion to Stop Foreclosure (doc. 2) and request for injunctive relief. In their motion, Plaintiffs allege that they "will suffer significant loss from the loss of their property if emergency injunctive relief is not granted" (doc. 2, p. 1).

"Injunctive relief is 'an extraordinary and drastic remedy,' and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting, *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1974). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Specifically, the movant must show: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not

granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." Holland Am. Ins Co., 777 F.2d at 997 (quoting, Canal Auth. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974).

Plaintiffs have failed to show at least two of the four factors required for the entry of a judgment granting injunctive relief; namely that they are likely to prevail on the merits or that they will suffer imminent irreparable damages.[1]

The motion is **DENIED** without prejudice.

Baton Rouge, Louisiana, June 29, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[1] The Court notes that the motion does not indicate when, or if, the sale of the property is scheduled to occur.